BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
ENERGY SHIPPING S.p.A.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENERGY SHIPPING S.p.A.,

          Plaintiff,

   -against-

QANNAS SHIPPING CO.,

          Defendant.
------------------------------------------------------------X

JUDGE MARRERO

07 CV 1837

07 Civ.

**VERIFIED COMPLAINT**

    Plaintiff, ENERGY SHIPPING S.p.A. ("Plaintiff"), by its attorneys Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant, QANNAS SHIPPING CO. ("Defendant"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 United States Code Section 1333.

    2.    At all material times Plaintiff was and now is a foreign corporation with an office and place of business in Genoa, Italy.

    3.    Upon information and belief, at all material times Defendant was and still is a foreign corporation with a principal place of business at 1 Costaki Pantelides Avenue, Nicosia, Cyprus, and was the owner of motor vessel CAPE COURAGE ("the Vessel").

    4.    On or about August 9, 2006, a charter party agreement was entered into by and

between Plaintiff and Defendant, whereby Plaintiff agreed to let, and Defendant, as charterer, agreed to hire the Vessel for one time charter trip, with an estimated duration of about fifty (50) days, and pursuant to other terms and conditions more fully set out in the agreement ("Charter Agreement").

5. Pursuant to said Charter Agreement, Defendant made various warranties and representations with regard to the Vessel's speed and rate of fuel consumption over the duration of the Charter Agreement.

6. In fact, the Vessel was not able to satisfy the aforementioned warranties and representations regarding speed and fuel consumption as required by the terms of the Charter Agreement.

7. As a consequence of defendant's breach of the warranties of the Charter Agreement related to speed and fuel consumption, Plaintiff has incurred damages in the form of excess hire payments and fuel costs totaling $181,821.62.

8. Under the terms of the Charter Agreement, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. Arbitration proceedings have not yet been commenced in London.

9. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor. Arbitration proceedings have already been commenced in London.

10. Plaintiff, if it is successful in the London arbitration, will likely also be awarded interest, costs and attorneys' fees as is routine in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

  a. On the principal claim  $181,821.62

  b. 3 years of interest at
    6% per annum, compounded annually  $ 34,730.84

    c.    Costs
(arbitrators' fees, attorneys' fees etc.)    $ 50,000.00

        TOTAL    $266,552.46

11. Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including but not limited to American Express Bank Ltd., ABN-AMRO Bank, BNP New York, HSBC Bank, Bank of America, Bank of New York, J.P. Morgan Chase, Citibank, Standard Chartered PLC and Wachovia Bank, which are believed to be due and owing to the Defendant.

WHEREFORE Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank Ltd., ABN-AMRO Bank, BNP New York, HSBC Bank, Bank of America, Bank of New York, J.P. Morgan Chase, Citibank, Standard Chartered PLC and Wachovia, which are due and owing to the Defendant,

in the amount of $266,552.46 to secure the Plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

    C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of a final London arbitration award and any appeals thereof; and

    D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       March 2, 2007

                        BROWN GAVALAS & FROMM LLP
                        Attorneys for Plaintiff
                        ENERGY SHIPPING S.p.A.

              By: _____
                        Peter Skoufalos (PS-0105)
                        355 Lexington Avenue
                        New York, New York 10017
                        212-983-8500

## VERIFICATION

STATE OF NEW YORK    )
                                    : ss.:
COUNTY OF NEW YORK  )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
2nd day of March 2007

_____
Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010