USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-07

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
ENERGY SHIPPING S.p.A.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENERGY SHIPPING S.p.A.,

     Plaintiff,

 -against-

QANNAS SHIPPING CO. and EMIRATES
TRADING AGENCY LLC,

     Defendants.
------------------------------------------------------------X

07 Civ. 1837 (VM)

### AMENDED EX PARTE ORDER FOR
### PROCESS OF MARITIME ATTACHMENT

 **WHEREAS**, on April 5, 2007, Plaintiff, ENERGY SHIPPING S.p.A., filed an Amended Verified Complaint herein for damages amounting to $266,552.46 inclusive of interest, costs and reasonable attorney's fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

 **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendants property within the District of this Court; and

 **WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

 **ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to Mashreq Bank, American

Express Bank Ltd., ABN-AMRO Bank, BNP New York, HSBC Bank, Bank of America, Bank of New York, J.P. Morgan Chase, Citibank, Standard Chartered PLC and Wachovia Bank, which are believed to be due and owing to the Defendants in an amount up to and including $266,552.46, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and section 8 of the United States Arbitration Act, 9 U.S.C. §8; and it is further

**ORDERED** that the Process of Attachment and Garnishment may be served by any individual over 18 years old who is not a party in the case; and it is further

**ORDERED** that the following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile or electronic mail transmission to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application from Plaintiff without further Order of the Court; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
April 5, 2007

SO ORDERED:

U.S.D.J.    Victor Marrero